**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 20-cv-1538 |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | ) ) ) ) | |
| *Defendant.* | ) ) | |

**COMPLAINT**

1.      Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components including the Office of the Attorney General (OAG). The Justice Management Division (JMD) is another component of DOJ. DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.     On April 6, 2020 American Oversight filed three FOIA requests with DOJ that sought, broadly speaking, records with the potential to shed light on Attorney General William Barr's meetings and communications throughout his tenure in light of numerous troubling

reports indicating that the department has politicized the administration of justice under his

leadership.

*Calendars & Phone Logs FOIA*

8.     On April 6, 2020 American Oversight submitted a FOIA request to DOJ seeking

the following:

> 1. All calendars or calendar entries for Attorney General Barr,
> including any calendars maintained on his behalf (e.g., by an
> administrative assistant) from May 15, 2019, through the date of the
> search.
>
> American Oversight requests that the calendars be produced in a
> format that includes all invitees, notes, and attachments.
>
> Please do not limit your search to Outlook calendars. We request the
> production of any document—paper or electronic, whether on
> government issued or personal devices—used to track or coordinate
> how Attorney General Barr allocates his time on agency business.
>
> 2. All logs or other records tracking incoming or outgoing telephone
> calls (including telephone billing records) made by Attorney
> General Barr from May 15, 2019, to the date the search is conducted.
> This includes calls to and from Attorney General Barr's office
> telephone, any temporary phones assigned for international travel,
> as well as any mobile device(s) that he uses for official business.

9.     OIP acknowledged this request on May 4, 2020 and assigned the request tracking

number FOIA-2020-00677.

10.     American Oversight has not received any further communications from DOJ

regarding this request.

*Visitor Logs FOIA*

11.     Also on April 6, American Oversight submitted a FOIA request to DOJ seeking

the following:

> All records maintained by the Justice Management Division (JMD) used to track
> visitor requests or appointments involving external parties, including records
> identifying potential visitors, times of visits, DOJ officials organizing,

coordinating, or sponsoring such visits, or the purpose of the visit—such as (but not limited to) visitor logs, emails to JMD's Visitor Center or Security staff, or similar records maintained in any DOJ processing system by JMD to manage, coordinate, and clear visitors—reflecting any and all visitors who came to meet with Attorney General Barr.

American Oversight's request includes but is not limited to all visits organized by, visitors sponsored by, and any visitor escorted into a building by Attorney General Barr or anyone acting on his behalf, such as an assistant or scheduler.

Please provide all responsive records from May 15, 2019, through the date of the search.

12.     JMD acknowledged this request on May 6, 2020 and assigned the request tracking number 123702.

13.     American Oversight has not received any further communications from DOJ regarding this request.

*Text Messages FOIA*

14.     Also on April 6, 2020, American Oversight submitted a FOIA request to DOJ seeking the following:

All text messages or messages on messaging applications similar in form to text messages (such as Signal, WhatsApp, Facebook Messenger, Twitter DMs, etc.) regarding agency business sent or received by Attorney General William Barr.

Please understand messages regarding "agency business" to broadly include, at a minimum, all communications that would ordinarily comprise federal records per 44 U.S.C. § 3301(a)(1)(A), which defines federal government records as,

all recorded information . . . appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them[.]

*Id.*

4

>Please provide all responsive records from May 15, 2019, through
>the date of the search.

15.     OIP acknowledged this request on May 4, 2020 and assigned the request tracking number FOIA-2020-00678.

16.     American Oversight has not received any further communications from DOJ regarding this request.

*Exhaustion of Administrative Remedies*

17.     As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

18.     Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

19.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20.     American Oversight properly requested records within the possession, custody, and control of DOJ.

21.     DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

22.     DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

23.     DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

24.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

25.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26.     American Oversight properly requested records within the possession, custody, and control of DOJ.

27.     DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

28.     DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

29.     DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

30.     DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

31.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  June 11, 2020                    Respectfully submitted,

                                         */s/ Daniel A. McGrath*
                                         Daniel A. McGrath
                                         D.C. Bar No. 1531723
                                         Megan C. Field*
                                         V.A. Bar No. 94749
                                         *Pro Hac Vice Motion Forthcoming*


                                         AMERICAN OVERSIGHT
                                         1030 15th Street NW, B255
                                         Washington, DC 20005
                                         (202) 897-2465
                                         daniel.mcgrath@americanoversight.org
                                         megan.field@americanoversight.org

                                         *Counsel for Plaintiff*